## MISSOURI, K. & T. RY. CO. OF TEXAS v. BOUNDS.

(Court of Civil Appeals of Texas.. April 8, 1911.)

1. TRIAL (§ 139*)—TAKING CASE FROM THE JURY—DIRECTION OF VERDICT.

The evidence to authorize the court to take a question from the jury must be such that there is no room for ordinary minds to differ as to the conclusions to be drawn from it.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 338; Dec. Dig. § 139.*]

2. TRIAL (§ 315*)—CONDUCT OF JURY—MANNER OF REACHING VERDICT—QUOTIENT VERDICT.

A verdict reached by an agreement made beforehand that each juror should write down the amount he would award, and that the total of such amounts should be divided by 12, and the quotient should be the verdict, will be reversed; but, if such result is reached with no agreement had beforehand to abide by it and it is afterwards agreed upon as a verdict, it will be sustained; the test being whether the jury agree to be bound beforehand by such result.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 740; Dec. Dig. § 315.*]

Appeal from District Court, Collin County; J. M. Pearson, Judge.

Action by I. Bounds against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Coke, Miller & Coke and Garnett & Hughston, for appellant. R. L. Moulden and R. C. Merritt, for appellee.

TALBOT, J. The appellee sued the appellant to recover damages arising from personal injuries alleged to have been received through the negligence of appellant's servants. The amended petition, upon which the case went to trial, alleged, in substance: That on or about the 4th day of February, 1909, plaintiff entered into a contract with the Ft. Worth & Denver City Railway Company, at Memphis, Hall county, Tex., by which it bound itself and its connecting carrier (the defendant herein) to furnish plaintiff a certain car for the purpose of transporting, and agreed to transport, his horses and farming implements and household goods to Farmersville in Collin county, Tex. That said contract was one of through shipment from Memphis to Farmersville. That by the terms of said contract plaintiff was to accompany said car and was to care for said property, and was to feed and water said stock, load and unload the same, and to reload the same when necessary while the same was being transported from Memphis to Farmersville. That plaintiff's car was loaded at Memphis, Tex., on the above-mentioned date, and the Ft. Worth & Denver City Railway Company delivered said car to the defendant company at Wichita Falls, Tex., and said company accepted plaintiff and his said car at Wichita Falls as aforesaid, and in compliance with its contract to deliver plaintiff's said car to Farmersville, and that on the evening of the 6th day of February, 1909, plaintiff with his said car being transported by the defendant arrived at the city of Greenville, Hunt county, Tex., which said city is a point where plaintiff's car had to be transferred from one line of defendant company's track to a branch line to be carried to Farmersville, and it became necessary to unload plaintiff's said stock and to water and feed the same at said city of Greenville. That about sundown of the evening of the 6th of February, 1909, plaintiff's said car was placed on the side track at the stock pen at said city so that plaintiff could unload; and, in order to have said car placed at the pens as aforesaid, the plaintiff was told by the conductor on said train to see the yardmaster (the servant of defendant who was in charge of the yards of the defendant at Greenville) and the said conductor pointed out the yardmaster to this plaintiff, and plaintiff went to said yardmaster (whose name is to the plaintiff unknown) and asked that said car be so placed. That said yardmaster told plaintiff to get in his car and stay there, and that the same would be properly placed and not molested any more that night. That shortly after said car had been placed and the plaintiff had unloaded his said stock for the purpose of feeding and watering the same, the plaintiff was lawfully in said car arranging the contents of same which had been disarranged in transit, and while complying with his said contract to care for said property, and while using due care and caution and without any fault whatever on his part, the agents, servants, and employés of defendant managing its switchyard and its engines and cars carelessly and negligently and with great force and violence ran said engine and cars into and against the car in which plaintiff was arranging said property as aforesaid, and plaintiff was thereby with great force and violence thrown against the boxes, timbers, and other structures in said car and permanently injured. That at the time said engine and cars were run into and against the car in which plaintiff was it was known to defendant, its agents, servants, and employés that plaintiff was in said car, or by the use of ordinary care the same could have been known to defendant, its agents, servants, and

employés. The defendant pleaded a general denial that, under the terms of the contract for the transportation of plaintiff and his property to Farmersville, plaintiff had no right to be in any car except the caboose; that the car in which plaintiff is alleged to have been hurt was not the caboose;. and defendant's servants were not aware of plaintiff's presence in the car, therefore plaintiff was guilty of contributory negligence in being in the car, at the time of the accident; that, if plaintiff was hurt, it was the result of a risk assumed by him as an incident to his mode of travel. The case was tried before a jury, and a verdict and judgment rendered in favor of the plaintiff for $3,958, from which defendant has perfected an appeal to this court

The court did not err in refusing to direct the jury, at. defendant's request, to return a verdict in its favor. Whether the defendant was guilty of negligence proximately resulting in injury to the plaintiff, as alleged by him, or whether the plaintiff was guilty of contributory negligence, or assumed the risk of being injured, as alleged by the defendant, were all questions of fact under the evidence for the determination of the jury. [1] It is settled law that to authorize the court to take a question from the jury the evidence must be of such a character that there is no room for ordinary minds to differ as to the conclusions to be drawn from it. We are not prepared to say that such is the character of the evidence in this case.

There are a number of assignments complaining of different paragraphs of the court's charge, of the refusal of special charges requested by the defendant, and of the admission of testimony over the defendant's objections, but no new or novel question is presented, and we deem it unnecessary to discuss these assignments. It is sufficient to say they have been carefully considered with the conclusion reached that neither of them disclose reversible error.

[2] It is further assigned, however, that the court erred in overruling defendant's motion for a new trial, because it appears that the verdict of the jury was arrived at by lot. We think this assignment must be sustained. Upon the hearing of appellant's motion for a new trial, it was shown practically without contradiction that the jury arrived at their verdict in the following manner: It was agreed beforehand by the jury that each member thereof should write down the amount he thought the plaintiff was entitled to recover, that such amounts should be added together and divided by 12, and that the quotient thereby obtained should be their verdict; that this method of arriving at the verdict was pursued, and resulted in a verdict being returned into court in favor of the plaintiff for the quotient obtained, namely, $3,958, for which amount the judg-

ment appealed from was entered. This was clearly arriving at a verdict by lot, and the judgment should not be allowed to stand. This court has held more than once that the test in such a case is: "Did the jury agree to be bound beforehand by the result of such proceedings? If so, the verdict will be set aside; but if the result was reached, and no agreement had beforehand to abide by it and it was afterwards agreed upon as their verdict, it will be sustained." Tested by this rule, the verdict in this case was not arrived at by proper or legitimate methods, and must be set aside and a new trial awarded the defendant. Texas Midland Ry. Co. v. Atherton, 123 S. W. 704.

There are some other assignments, but the matter complained of is not likely to occur on another trial. For the error indicated, the judgment is reversed and the cause remanded.